**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

| | |
|---|---|
| JAMES L. BUTLER, JR. and BARI L. BUTLER,<br><br>        Plaintiffs,<br><br>vs.<br><br>SUKHOI COMPANY, SUKHOI DESIGN BUREAU, UNITED AIRCRAFT MANUFACTURING CORP., IRKUT CORPORATION, SUKHOI CIVIL AIRCRAFT and THE RUSSIAN FEDERATION,<br><br>        Defendants. | CASE NO.: 07-61078-CIV-HIGHSMITH-GARBER |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION TO
DISMISS OF DEFENDANTS RUSSIAN FEDERATION, UNITED AIRCRAFT
MANUFACTURING CORPORATION, SUKHOI COMPANY,
SUKHOI CIVIL AIRCRAFT, AND IRKUT CORPORATION
<u>OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT ON COMPLAINT</u>**

Defendants Russian Federation, United Aircraft Manufacturing Corporation ("UAC"), Sukhoi Company, Sukhoi Civil Aircraft, and Irkut Corporation (collectively, the "Movants") submit the following Reply Memorandum in further support of their Motion to Dismiss or in the Alternative for Summary Judgment on the Complaint.

<u>**ARGUMENT**</u>

**I.    PLAINTIFFS HAVE FAILED TO BEAR THEIR BURDEN OF ESTABLISHING THE EXISTENCE OF ANY GENUINE ISSUE OF MATERIAL FACT**

The Motion to Dismiss of Defendants Russian Federation, United Aircraft Manufacturing Corporation, Sukhoi Company, Sukhoi Civil Aircraft, and Irkut Corporation, and Supporting Memorandum, or in the Alternative for Summary Judgment on Complaint ("Motion") is a properly supported motion for summary judgment. Plaintiffs' response does not deny that it is properly supported. Rather, Plaintiffs respond only that the plaintiffs in *Reflectone, Inc. v.*

*Farrand Optical Co.*, 862 F.2d 841, 844-46 (11th Cir. 1989), did not move to compel discovery, and they add: "By this memorandum, Plaintiffs request leave to conduct such discovery." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition") at 16. Plaintiffs' response ignores the fact that *Reflectone* is only an extension of well-established summary judgment practice. The Motion shifted the burden to Plaintiffs to establish the existence of genuine issues of material fact under Fed. R. Civ. P. 56(e), and merely reciting that "Plaintiffs request leave to conduct such discovery" does not meet the Plaintiffs' burden.

<u>First</u>, the Eleventh Circuit has held that "[w]hen a motion for summary judgment is properly supported, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in *Fed. R .Civ. P. 56*, "designate 'specific facts showing that there is a genuine issue for trial.'" *LST, Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(e))). Thus the Court of Appeals held as follows:

> The plaintiffs declined to oppose the motion at the time it was filed at their peril. Nothing in Rule 56 requires a district court to conduct a hearing on a motion for summary judgment. On the other hand, if the nonmoving party does not respond by affidavit or otherwise to a properly supported motion, 'summary judgment, if appropriate, shall be entered against the adverse party.' Fed.R.Civ.P. 56(e).

*Id*. at 684 n.9. Likewise, here the Plaintiffs have declined to identify any genuine issues of material fact by affidavit or otherwise. A discovery motion complying with Local Rule 26.1(H) could identify genuine issues of material fact, but Plaintiffs' statement is not such a motion.

<u>Second</u>, where as here the Plaintiffs' claim is that Defendants are *alter egos*, Plaintiffs must demonstrate the existence of genuine issues of material fact <u>in the Complaint</u>; i.e., at the outset of the case and not later, after discovery has occurred. By arguing that *Reflectone* did not involve a discovery motion, and making an unsupported request for unspecified discovery here, Plaintiffs seek to turn *Reflectone* on its head. For Plaintiffs to take steps beyond the Complaint like discovery, they must identify genuine issues of material fact in the Complaint itself.

<u>Third</u>, a fishing expedition through corporate governance practices is particularly inappropriate where, as here, broad-brush *alter ego* allegations are directed against Russia and several companies in its defense industry. *See Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (FSIA jurisdictional discovery not permitted because, "at the very least, discovery should be ordered circumspectly and only to verify allegations of specific facts crucial

2

to an immunity determination"); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) ("when FSIA immunity has been claimed, unlimited jurisdictional discovery is *not* permitted as a matter of course. Instead, it 'should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination'") (quoting *Arriba,* 962 F.2d at 534); *First City, Texas-Houston, N.A. v. Rafidain Bank,* 150 F.3d 172, 176 (2d Cir. 1998) (comity concerns implicated by allowing jurisdictional discovery from foreign sovereign "require a delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery'") (quoting *Arriba*, 962 F.2d at 534); *In re Papandreou,* 139 F.3d 247, 251, 253 (D.C. Cir. 1998) (vacating jurisdictional discovery order because "sovereign immunity is an immunity from trial and the attendant burdens of litigation" and not just from liability or execution, such that jurisdictional discovery "must proceed with circumspection, lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure").

As the Motion at 18 shows, foreign states and their state-owned companies are strongly presumed to be separate and distinct. Here, discovery is improper because Plaintiffs have made no allegations of any specific facts crucial to an immunity determination. In the absence of specific allegations, Plaintiffs have not given the Court the tools with which to be circumspect.

Because Plaintiffs are not entitled to discovery without specific allegations constituting genuine issues of material fact, the Court should grant summary judgment on the Complaint.

## II.    PLAINTIFFS INVITE THE COURT TO TREAT DEFENDANTS AS *ALTER EGOS* FOR LIABILITY PURPOSES, BUT AS SEPARATE PERSONS FOR SUBJECT MATTER AND PERSONAL JURISDICTION PURPOSES

As shown in the Motion at 5-8, the judgment the Court entered in *Butler v. Sukhoi Aircraft*, No. 99-7413-CIV-Highsmith (S.D.Fla.) ("*Butler I*"), cannot be extended to a foreign state and its alleged *alter egos* because the *Butler I* plaintiffs were not required to establish jurisdiction and the merits of their case notwithstanding default, and because they were permitted to try their damages claim to a jury, contrary to the Foreign Sovereign Immunities Act, Pub. L. No. 94-583, 90 Stat. 2891, *codified at* 28 U.S.C. §§ 1330, 1332(a)(4), 1391(f), 1441(d), 1602-1611 (2006), as amended ("FSIA"). To try to evade that fatal flaw, the Opposition seeks to impose liability on the Movants as alleged *alter egos* of *Butler I* defendant Sukhoi Design Bureau ("SDB"), while trying to take advantage of what they argue is the limited FSIA immunity

3

of a foreign state's separate agencies or instrumentalities. In addition, the Plaintiffs argue for personal jurisdiction purposes in Opposition at 11 that "Defendants Sukhoi [Company], Sukhoi Design Bureau, United Aircraft, Irkut and Sukhoi Civil Aircraft are agencies or insrtumentalities [*sic*] of a foreign state, not foreign states themselves."

Plaintiffs cannot have it both ways. If all of the Defendants including Russia are liable for the *Butler I* judgment as mere *alter egos* of each other, then a judgment so holding must comply with the FSIA rights of Russia as the foreign state allegedly acting through multiple fraudulent shell companies. If the Defendants include entities separate from the foreign state, then the Plaintiffs must prove separately that each Defendant is liable for damages arising from the crash at issue in *Butler I*.

Thus Plaintiffs' argument that *"[b]ecause these Defendants are agencies or instrumentalities of a foreign state*, the money in those bank accounts need not be connected to the commercial activity upon which Plaintiffs' claim is based" is erroneous for at least two reasons. Opposition at 7 (emphasis added). First, the FSIA defines "an agency or instrumentality of a foreign state" to mean "any entity—*which is a separate legal person*, corporate or otherwise, *and*" which satisfies other requirements. 28 U.S.C. § 1603(b) (emphasis added). *See Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 546 U.S. 450, 453 (2006) (reversing the Ninth Circuit's assumption "that there was no relevant distinction between a foreign state and its agencies or instrumentalities"). If the Defendants are separate entities for immunity purposes, then they are separate entities for liability purposes as well.

Second, the Complaint does not allege that unspecified "correspondent bank accounts" in the United States are merely property of SDB, *compare* 28 U.S.C. § 1610(b) (referring to "property in the United States of an agency or instrumentality"), but rather asserts that these unspecified accounts are "use[d]" by the Russian Federation, Sukhoi Company and SDB "to facilitate some of their international civil and military aircraft transactions." Compl. at 4 ¶ 27. Thus, the allegations of the Complaint require that Plaintiffs establish a lack of immunity under both § 1610(a) and (b). Moreover, as shown in the Motion at 10-12, the foregoing allegations bring any such accounts under the immunity provided in 28 U.S.C. § 1611(b)(2). Contrary to Plaintiffs' argument, nothing in the plain meaning of the FSIA limits such immunity to military equipment. Additionally, case law shows that it is the present or intended use of property, and

4

not military equipment, that determines whether property is immune under § 1611(b)(2). *See, e.g., Ministry of Def. v. Cubic Def. Sys., Inc.*, 236 F. Supp.2d 1140,1149 (S.D. Cal. 2002); *Behring Int'l, Inc. v. Imperial Iranian Air Force*, 475 F. Supp. 396, 407 (D.N.J. 1979). Since the Complaint alleges that the accounts are used both for commercial purposes and for military equipment transactions under Russian Ministry of Defense control, §1611(b)(2) applies.

Plaintiffs also misstate the Motion by asserting that the Movants "concede . . . for purposes of the motion . . . that they are alter egos of [SDB.]" Opposition at 6. Movants make no concession. The Movants' position is clearly stated in the Motion at 3-4: "If they were to answer the Complaint, the Movants would deny that any Defendant is an *alter ego* of the Russian Federation or each other, but it is well-established that a plaintiff's allegations must be taken as true for purposes of a motion to dismiss" (emphasis added, citation omitted). Plaintiffs also make a groundless argument by asserting that "Plaintiffs are seeking to enforce [a] judgment not only against the named Defendants in that case [*Butler I*] but also *against certain additional successor entities named as Defendants in this action.*" Opposition at 2 (emphasis added). That argument is devoid of any basis in the Complaint, which does not allege "successor" liability and seeks instead to lift Defendants' corporate veils as alleged *alter egos*.

The Court should dismiss the Complaint under Rule 12(b)(1) for lack of jurisdiction.

### III.   PLAINTIFFS' WAIVER ARGUMENT IS WITHOUT MERIT

The Opposition at 4 argues that "assuming Sukhoi Design Bureau was an agency or instrumentality of a foreign state at the time of the entry of judgment in the prior suit, it waived its protections under the Act. They cannot be raised now after judgment by non-parties to *Butler I*." Thus Plaintiffs do not argue that the Movants have waived their FSIA immunity, but rather that they cannot attack the *Butler I* judgment by invoking SDB's FSIA protections. Plaintiffs' argument attacks a straw man and is not relevant.

First, the Motion takes no position on whether SDB is immune or not. The Motion at 1 does not include SDB as one of the moving parties. The Motion at 2 states that "SDB is not represented by undersigned counsel." The Motion is not on behalf of "Defendants" as Plaintiffs state throughout their Opposition, but on behalf of the Movants, which are the Defendants minus SDB. There is nothing in the Motion that seeks to make arguments on behalf of SDB, either here or in another case. Rather, the Motion shows that, taking the allegations of the Complaint as true solely for purposes of the Motion and considering the record in *Butler I* for purposes of Rule

5

12(b)(1), the Movants cannot be made liable for the *Butler I* judgment.  Since the Movants are invoking their own immunity, Plaintiffs' argument is not relevant here.

Second, although the Plaintiffs have not argued that the Movants are subject to any FSIA waiver made by SDB in *Butler I*, such an argument would lack merit.  The Movants, as a foreign state and its purported *alter egos*, would still be immune from execution under the FSIA, 28 U.S.C. §§ 1609-1611, separate and apart from their immunity from liability.  *See EM Ltd. v. Republic of Arg.*, 473 F.3d 463 (2d Cir. 2007).

Third, any contention that the Movants are subject to a waiver of FSIA immunity would ignore and attempt to circumvent federal and state practice.  A party seeking to amend a final judgment to add a new party must also amend the underlying complaint pursuant to Rule 15(a) to add the new party, serve such complaint against the new party, and afford the new party an opportunity to respond to the complaint.  *Nelson v. Adams*, 529 U.S. 460, 465-67 (2000).  The Supreme Court explained in *Nelson* that this procedural rule gives effect to the most basic tenet of our judicial system – that parties have notice and an opportunity to defend.  *Id.* at 466.

Similarly, Plaintiffs seek to circumvent any applicable Florida law on post-judgment execution procedures.  Pursuant to Rule 69, Fed. R.Civ. P., federal courts must follow Florida post-judgment procedures, subject to preemption by federal law.  *See MCI Telecommunications Corp. v. Taleigh Corp.,* 913 F. Supp. 1536, 1539 (S.D. Fla. 1995) (Highsmith, J.); *Allied Indus. Int'l Inc. v. AGFA-GEVAERT, Inc.,* 688 F. Supp. 1516, 1517 (S.D. Fla. 1988); *see also* Motion at 4 n.3.  The impleader of new defendants pursuant to Florida's proceedings supplementary under Fla. Stat. § 56.29 (2007) requires that the newly impleaded parties be served and given an opportunity to raise their defenses and protect their interests.  *Sanchez v. Century Everglades, LLC,* 946 So.2d 563, 565 (Fla. 3d DCA 2006); *see Ryan's Furniture Exch., Inc. v. McNair,* 162 So. 483, 487 (Fla. 1935); *Meyer v. Faust,* 83 So. 2d 847, 848 (Fla. 1955); *Juno By The Sea Condo Apartments, Inc. v. Juno By The Sea N. Condo. Ass'n, Inc.,* 419 So. 2d 399, 400 (Fla. Dist. Ct. App. 1982); *Manor Grove Land Corp. v. Salkay,* 390 So. 2d 121, 122 (Fla. Dist. Ct. App. 1980); *Art Adver. Co., Inc. v. Associated Press,* 340 So. 2d 1291, 1292 (Fla. Dist. Ct. App. 1977).  Under § 56.29(5), the court may not subject exempt property to execution.  "Exemption" is essentially equivalent to immunity.  *See Black's Law Dictionary* 593 (7th ed. 1999).

Moreover, § 56.29 is subject to FSIA preemption under the Supremacy Clause of Article IV of the Constitution.  *See MCI*, 913 F. Supp. at 1540 (preempting state *alter ego* law and

6

applying federal common law to interstate carrier subject to FCC regulation); *Compton v. Societe Eurosuisse, S.A.* 494 F. Supp. 836, 839-41 (S.D. Fla. 1980) (holding that grant of immunity against self-incrimination under Florida supplementary proceedings was subject to Fifth Amendment immunity from self-incrimination as interpreted by the federal courts). Accordingly, Florida *alter ego* procedural rules for the execution of judgments could not set aside either the FSIA's immunity requirements or the requirements of the federal common law *alter ego* rule.

In sum, any FSIA waiver by SDB does not affect the Movants' FSIA immunity in this action, and Plaintiffs' *alter ego* claim cannot circumvent the Movants' rights in both federal and state post-judgment practice not to be bound by a case in which they were not parties.

### IV. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION

Plaintiffs argue in the Opposition at 15-16 that the Complaint states a cause of action in accordance with Fed. R. Civ. P. 8 because it sets forth a list of conclusions. Thus Plaintiffs argue that Russia's *alter ego* status is pled by alleging mere share ownership and corporate control, while UAC's *alter ego* status is ostensibly based on the *non sequitur* conclusion that as a new parent company it becomes a successor to a new subsidiary. Opposition at 15-16. Plaintiffs' argument lacks merit. If proven, Plaintiffs' conclusory contentions would actually undermine their claim, by supporting the presumption that state-owned corporations are separate entities with distinct rights and obligations.

In addition, the Motion at 17 explains, based on the Court's opinion in *MCI*, 913 F.Supp. at 1541, that a showing that control was used to commit fraud or wrong is part-and-parcel of the federal common law *alter ego* rule. The Complaint must plead fraud with particularity as a special matter under Fed. R. Civ. P. 9(b), and not generally under Rule 8, but it fails to do so.

More importantly still, Plaintiffs have failed to cite authority for the proposition that there exists a cause of action for a declaratory judgment that non-parties to a prior judgment are *alter egos* of a judgment debtor. While the Plaintiffs might have sought to raise their *alter ego* claim in *Butler I* in order to establish in that action the requirements of the federal common law *alter ego* rule, they did not do so. Where, as here, an *alter ego* determination was not part of the remedy sought in *Butler I*, the procedures that might potentially be available, in the proper circumstances which are absent here, could be the Rule 15(a) and, if not preempted by the FSIA, the Fla. Stat. § 56.29 procedures discussed above. Plaintiffs have followed neither one.

7

The Court should dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Plaintiffs have not pled a claim in accordance with the federal common law *alter ego* rule, and lack a cause of action for a declaratory judgment making non-parties to a judgment jointly and severally liable to pay it as *alter egos* of a judgment debtor.

## V. PLAINTIFFS IDENTIFY NO EVENTS OR CIRCUMSTANCES GIVING RISE TO PLAINTIFFS' *ALTER EGO* CLAIM IN THIS DISTRICT

Plaintiffs' argument in the Opposition at 14 that "[t]he judgment which the complaint seeks to enforce was entered in this District" does not establish FSIA venue in this District. The *Butler I* judgment does not give rise to Plaintiffs' *alter ego* claim, since there is nothing in the record of proceedings of *Butler I* or in the judgment itself relating to the Movants. There is no contention that any aspect of Defendants' internal governance occurs in this District. If the *Butler I* judgment were executable against the Movants, the "distribution relationship of the subject aircraft in this District" and its "crash[] in this District" resulting in "injury to the Plaintiffs in this District[,]" Opposition at 14, would be matters finally resolved in another case.

Plaintiffs cannot have the matter both ways by treating *Butler I* as the final disposition of all events and circumstances relating to the crash, while claiming that those events and circumstances give rise to the *alter ego* claim at issue in this case. If the events or circumstances in *Butler I* are final, executable, and thus not subject to further litigation, then the Movants' alleged liability would arise from other events and circumstances occurring in Russia. The Court lacks venue under 28 U.S.C. § 1391(f) because, if the *Butler I* judgment finally resolved all issues relating to the crash, it is uncontested that any events and circumstances allegedly giving rise to the Plaintiffs' *alter ego* claim did not occur in this District but rather in Russia.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice or, in the alternative, enter summary judgment against the Plaintiffs.

Respectfully submitted,

*/s/ Raquel A. Rodriguez*
Raquel A. Rodriguez, Esq. (FBN 511439)
rrodriguez@mwe.com
McDermott Will & Emery LLP
201 South Biscayne Boulevard
Miami, Florida  33131-4336
Tel.: 305-358-3500
Fax: 305-347-6500

Michael P. Socarras, Esq. (*pro hac vice*)
msocarras@mwe.com
Valentin Povarchuk, Esq. (*pro hac vice*)
vpovarchuk@mwe.com
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096
Tel.: 202-756-8000
Fax: 202-756-8087

*Counsel for Defendants Russian Federation,
United Aircraft Manufacturing Corporation,
Sukhoi Company, Sukhoi Civil Aircraft, and
Irkut Corporation*

Dated:  April 21, 2008

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 21st day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record.

   */s/ Raquel A. Rodriguez*
Raquel A. Rodriguez